UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOMONIQUE DEMETRIS FARR,[1]

    Plaintiff,

v.

MICHAEL J. RIORDAN,[2]

    Defendants,
_____/

Case No. 1:25-cv-11706

Honorable Thomas L. Ludington
United States District Judge

## OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT

Currently before the Court is Plaintiff Domonique Farr's *pro se* civil rights Complaint against Defendant Michael Riordan—a judge on the Michigan Court of Appeals. Because Plaintiff proceeds *in forma pauperis*, his Complaint is subject to Prison Litigation Reform Act screening for frivolity, immunity, and failure to state a claim. As explained below, Plaintiff's Complaint does not survive this screening. Plaintiff's Complaint fails to state a claim and seeks relief from an immune Defendant. So it will be dismissed.

---

[1] The case caption currently refers to Plaintiff as "Dominique." But the caption will be amended to reflect the proper spelling of Plaintiff's name—Domonique—as recited in his Complaint, all other pleadings, and Plaintiff's prior state and federal suits. *See* ECF Nos. 1 at PageID.1, 3–4; 1-1 at PageID.5; 2; *see also Farr v. Muskegon Corr. Facility Warden*, 13 N.W.3d 635 (Mich. 2024); *Farr v. Whitmer*, No. 1:23-CV-1135, 2024 WL 1007884 (W.D. Mich. Jan. 23, 2024), *report and recommendation adopted*, No. 1:23-CV-1135, 2024 WL 1115558 (W.D. Mich. Mar. 13, 2024). Moreover, Plaintiff also refers to himself as "Abdullah Ibn Farr." *See* ECF No. 1 at PageID.4; *see also Farr v. Muskegon Corr. Facility Warden*, 13 N.W.3d 635 (Mich. 2024).

[2] Although the caption of Plaintiff's *pro se* Complaint uses "et. al" implying the presence of other Defendants, the substance of the Complaint does not identify any individual other than Michael Riordan. *See* ECF No. 1. Properly construed, Plaintiff's Complaint pursues claims against Riordan in his official—as opposed to individual—capacity. *See id.* at PageID.1 (specifying Defendant Riordan is "sued in his official capacity").

I.

Plaintiff Dominique Demetris Farr's three-page *pro se* Complaint is difficult to understand. *See generally* ECF No. 1. But prior federal precedent that he initiated provides clarity. *See generally Farr v. Michigan Ct. of Appeals*, No. 1:25-CV-263, 2025 WL 1134633 (W.D. Mich. Apr. 17, 2025) (denying Plaintiff's federal habeas petition as time-barred).

Over a decade ago, Plaintiff pleaded guilty in state court to one count of second-degree murder in violation of MICH. COMP. LAWS § 750.317, and one count of felony-firearm in violation of MICH. COMP. LAWS § 750.227b.[3] *See id.* at *3. In January 2010, the Kent County Circuit Court sentenced Plaintiff to 23–60 years of imprisonment for the murder charge, and a consecutive two-year sentence for the felony-firearm charge. *Id.* Plaintiff did not appeal. *Id.* But, over five years later, he filed a motion for relief from judgment pursuant to Michigan Court Rule 6.502. *Id.* The state trial court denied that motion in early 2016. *Id.*

On May 24, 2024, Plaintiff filed a habeas corpus complaint in the Michigan Court of Appeals. *Id.* On October 9, 2024, a three-judge panel—led by presiding Judge Michael Riordan—denied Plaintiff's complaint in a one-sentence summary order. *See Farr v. Muskegon Corr. Facility Warden*, No. 371090 (Mich. Ct. App.), ECF No. 22 ("The complaint for habeas corpus is denied."). On May 22, 2025, the Michigan Supreme Court denied Plaintiff leave to appeal. *Farr v. Muskegon Corr. Facility Warden*, 20 N.W.3d 555 (Mich. 2025) ("[W]e are not persuaded that the questions presented should be reviewed by this Court.").

---

[3] Plaintiff is also currently serving a 2-to-15-year sentence for a separate state conviction of assault with intent to rob while armed, in violation of MICH. COMP. LAWS § 750.89. *See Offender Search*, MICH. DEP'T OF CORR. OFFENDER TRACKING INFO. SYS. (OTIS), https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=607251 (last accessed June 16, 2025).

Turning to federal court, Plaintiff filed a *pro se* Complaint on June 6, 2025. ECF No. 1. Plaintiff alleges that Judge Riordan—in his official capacity—deprived him of unspecified federal rights in violation of 42 U.S.C. § 1983 by denying his state habeas petition without "rebut[ting his] claims," "counter[ing his] law with any substantive law," or "invoke[ing] an independent and adequate state bar to relief." *Id.* at PageID.3. On June 13, 2025, Magistrate Judge David R. Grand granted Plaintiff's application to proceed *in forma pauperis* (IFP). ECF No. 4.

## II.

By proceeding IFP, Plaintiff's *pro se* Complaint is subject to Prisoner Litigation Reform Act (PLRA) screening. The PLRA provides that courts should dismiss an IFP complaint before service if the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks any arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And a complaint fails to state a claim if, even when construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), it does not include "a short and plain statement of the claim" showing entitlement to relief and "a demand for the relief sought[.]" *See* FED. R. CIV. P. 8. Bare "labels and conclusions" or "naked assertions" are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 679 (2007). Instead, the complaint must include sufficient factual allegations to push its claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.

Plaintiff's Complaint does not survive PLRA screening and must be dismissed, for three reasons.

First, Plaintiff has not alleged that Judge Riordan deprived him of any of his federal rights. *See* ECF No. 1. To succeed on his sole 42 U.S.C. § 1983 claim, Plaintiff must show that Judge Riordan (1) acted under color of state law; and (2) deprived him of some rights secured by federal law. *See Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). But Plaintiff's Complaint does not clear the second hurdle. Liberally construed, Plaintiff claims Judge Riordan deprived him of access to the courts or due process by presiding over defective state court proceedings. *See* ECF No. 1. Plaintiff has not, however, sufficiently alleged any defects in the state-court proceedings. He instead makes the conclusory claim that there was some "jurisdictional defect" because the record does not reflect that "he was arraigned on [an] arrest warrant" in Kent County. This confusing "naked assertion" fails to state a claim. *See Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–57, 679. And even if Plaintiff had sufficiently detailed a defect in the state court post-conviction proceedings, such defect does not give rise to federal § 1983 liability. *See e.g.*, *Soliz v. Hassett*, 71 F. App'x 331, 332 (5th Cir. 2003) (affirming district court's denial of a § 1983 claim predicated on defective state habeas proceedings, explaining that "[d]efects in state habeas corpus procedures do not constitute grounds for relief in federal court" (internal quotations omitted)); *see also Drew v. Tessmer*, 195 F.Supp.2d 887 (E.D. Mich. 2001) (finding state supreme court's refusal to accept movant's application for leave to appeal the denial of his postconviction relief motion did not deprive the movant of due process or equal protection).

Second, Judge Riordan is immune from Plaintiff's official-capacity constitutional claim. The Eleventh Amendment "deprives federal courts of subject-matter jurisdiction" when a private plaintiff sues a state, or a state employee in their official capacity. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (noting a suit against a state employee in their official capacity

is a "suit against the [s]tate itself"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Indeed, Eleventh Amendment sovereign immunity is a "true jurisdictional bar" to suit and accordingly "must be decided before the merits." *Russell*, 784 F.3d at 1046; *accord Doe v. DeWine*, 910 F.3d 842, 848 (6th Cir. 2018); *Ladd v. Marchbanks*, 971 F.3d 574, 577 (6th Cir. 2020). But Congress can expressly abrogate state sovereign immunity, and the state itself can waive it or otherwise consent to suit. *See Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016).

Here, Michigan Court of Appeals Judge Riordan is a state official, so Plaintiff's official-capacity claim against him is properly construed against the State of Michigan itself. *See In re Sun Valley Foods Co.*, 801 F.2d 186, 188 (6th Cir. 1986) (characterizing Michigan Court of Appeals judges are "Michigan state officials"); *see also* MICH. CONST. art. VI, § 1 ("The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish[.]"); *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762–64 (6th Cir. 2010) (concluding that *lower* Michigan courts are arms of the state entitled to sovereign immunity under the factors articulated in *Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005)). Michigan has not waived its sovereign immunity. *Satkowiak v. Marshall*, No. 1:24-CV-11229, 2025 WL 792868, at *3 (E.D. Mich. Mar. 12, 2025). Nor has Congress abrogated it. *Kerchen v. Univ. of Michigan*, 100 F.4th 751, 761 (6th Cir. 2024). And although the doctrine of *Ex parte Young* provides an exception to Eleventh Amendment sovereign immunity for suits seeking purely prospective injunctive relief to halt ongoing constitutional violations, *see* 209 U.S. 123, 127–29 (1908), the exception does not apply here, where Plaintiff seeks punitive damages and a copy of his "affidavit of surety and bond or insurance policy." ECF No. 1 at PageID.3.

Third, and alternatively, Judge Riordan is entitled to absolute judicial immunity. "Judicial immunity is a long-recognized common-law doctrine shielding judges from collateral attacks challenging a judge's actions taken in her official judicial capacity." *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023). "This immunity is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit." *Id.* And this immunity applies regardless of whether the plaintiff styles their complaint as pursuing individual or official capacity § 1983 claims. *See Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007) (citations omitted). Plaintiff alleges Defendant Riordan improperly denied his state habeas proceeding. *See* ECF No. 1. But this alleged offense conduct falls squarely within Judge Riordan's judicial capacity, so he is absolutely immune. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (holding that a judge performing judicial functions is absolutely immune from a suit seeking monetary damages, even if the judge acted erroneously, corruptly or in excess of jurisdiction); *Wojnicz v. Davis,* 80 F. App'x 382, 383-84 (6th Cir. 2003) (holding state court judges and employees were immune from a plaintiff's § 1983 claims when plaintiff alleged erroneously handled his "state court habeas corpus petition").

**IV**.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED.**

**This is a final order and closes the above-captioned case.**

Dated: June 30, 2025                                                                 s/Thomas L. Ludington
                                                                                                  THOMAS L. LUDINGTON
                                                                                                  United States District Judge